**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **GLOBAL SESSIONS LP** | § § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **Cause No. 6:10-cv-671** |
| **TRAVELOCITY.COM LP, TRAVELOCITY.COM INC., SABRE HOLDINGS CORP., SABRE INC., AMAZON.COM, INC., AMAZON SERVICES LLC, AMAZON WEB SERVICES LLC, CDW CORPORATION, ORBITZ WORLDWIDE, INC., ORBITZ WORLDWIDE, LLC, ORBITZ, INC., ORBITZ, LLC, TRIP NETWORK, INC. (D/B/A CHEAPTICKETS), PRICELINE.COM, INC., SYSTEMAX, INC., CIRCUITCITY.COM INC., COMPUSA.COM INC., PROFITCENTER SOFTWARE INC., AND TIGERDIRECT INC.** | § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Global Sessions LP ("Global Sessions" or "Plaintiff") files this Original

Complaint for Patent Infringement against Defendants, Travelocity.com LP, Travelocity.com

Inc., Sabre Holdings Corp., Sabre Inc., Amazon.com, Inc., Amazon Services LLC, Amazon Web

Services LLC, CDW Corporation, Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc.,

Orbitz, LLC, Trip Network, Inc. (d/b/a CheapTickets), Priceline.com, Inc., Systemax, Inc.,

CircuitCity.com Inc., CompUSA.com Inc., ProfitCenter Software Inc., and TigerDirect Inc. (collectively "Defendants").

## PARTIES

1.     Plaintiff Global Sessions is a Texas limited partnership with its principal place of business at 8911 N. Capital Texas Hwy., Suite 2110, Austin, Texas 78759.

2.     Upon information and belief, Travelocity.com LP, Travelocity.com Inc., Sabre Holdings Corp., and Sabre Inc. (collectively "Travelocity") are, and at all relevant times mentioned herein were, a Delaware limited partnership, a Delaware corporation, a Delaware corporation, and a Delaware corporation, respectively, with their principal place of business at 3150 Sabre Dr., Southlake, TX 76092.  Travelocity.com LP, Sabre Holdings Corp., and Sabre Inc. may be served with process through their registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas  78701.  Travelocity.com Inc. may be served with process through its registered agent, CT Corporation System, 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3.     Upon information and belief, Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services LLC (collectively "Amazon") are, and at all relevant times mentioned herein were a Delaware corporation, a Nevada limited liability company, and a Delaware limited liability company, respectively.   Upon information and belief, Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services LLC maintain their principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.  The Amazon defendants may be served with process through their registered agent, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA  98501-7719.

4.     Upon information and belief, CDW Corporation ("CDW") is, and at all relevant times mentioned herein was, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois 60061.  CDW may be served with process by serving its registered agent, Corporation Trust Company, 820 Bear Tavern Road, Trenton, New Jersey 08528-1021.

5.     Upon information and belief, Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc., Orbitz, LLC, and Trip Network, Inc. (d/b/a CheapTickets) (collectively "Orbitz") are, and at all relevant times mentioned herein were, a Delaware corporation, a Delaware limited liability company, a Delaware corporation, a Delaware limited liability company and a Delaware corporation, respectively, with their principal place of business at 500 West Madison Street, Suite 1000, Chicago, Illinois 60661.  The Orbitz defendants may be served with process through their registered agent, Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois  62703-4261.

6.     Upon information and belief, Priceline.com, Inc. ("Priceline") is, and at all relevant times mentioned herein was, a Delaware corporation with its principal place of business at 800 Connecticut Avenue, Norwalk, CT 06854.  Priceline may be served with process through its registered agent, Corporation Service Company, 80 State Street, Albany, New York  12207-2543.

7.     Upon information and belief, Systemax Inc., CircuitCity.com Inc., CompUSA.com Inc., ProfitCenter Software Inc., and TigerDirect Inc. (collectively "Systemax") are, and at all relevant times mentioned herein were, a Delaware corporation, a Delaware corporation, a Florida corporation, a New York corporation, and a Florida corporation, respectively.   Upon information and belief, Systemax, Inc., CircuitCity.com Inc.,

CompUSA.com Inc., and ProfitCenter Software Inc. maintain their principal places of business at 11 Harbor Park Dr, Port Washington, NY 11050.   Upon information and belief, TigerDirect Inc. maintains its principal place of business at 7795 West Flagler St., Suite 35, Miami, FL 33144.  Systemax Inc. may be served with process at 11 Harbor Park Dr, Port Washington, NY 11050.  CircuitCity.com Inc., CompUSA.com Inc., and ProfitCenter Software Inc. may be served with process through their registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2699.   TigerDirect Inc. may be served with process through its registered agent, Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261.

## JURISDICTION AND VENUE

8.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–7 as though fully set forth in their entirety.

9.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 *et seq*. and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Personal jurisdiction exists generally over each of the Defendants because each has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.   Personal jurisdiction also exists specifically over each of the Defendants because each, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products and services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe and/or flow from infringement of the patents-in-suit, as described more particularly below.

11.     Venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## GENERAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–11 as though fully set forth in their entirety.

13.     United States Patent No. 6,076,108 ("the '108 patent"), entitled "System And Method For Maintaining A State For A User Session Using A Web System Having A Global Session Server," was duly and legally issued by the United States Patent and Trademark Office on June 13, 2000, after full and fair examination.  A copy of the '108 Patent is attached as Exhibit A.

14.     United States Patent No. 6,085,220 ("the '220 patent"), entitled "Enterprise Interaction Hub For Managing An Enterprise Web System," was duly and legally issued by the United States Patent and Trademark Office on July 4, 2000, after full and fair examination.  A copy of the '220 Patent is attached as Exhibit B.

15.     United States Patent No. 6,360,249 ("the '249 patent"), entitled "Enterprise Interaction Hub For Managing An Enterprise Web System," was duly and legally issued by the United States Patent and Trademark Office on March 19, 2002, after full and fair examination. A copy of the '249 Patent is attached as Exhibit C.

16.     United States Patent No. 6,480,894 ("the '894 patent"), entitled "System And Method For Maintaining A State For A User Session Using A Web System," was duly and legally issued by the United States Patent and Trademark Office on November 12, 2002, after full and fair examination.  A copy of the '894 Patent is attached as Exhibit D.

17.     Global Sessions has an exclusive license to the '108, '220, '249, and '894 patents ("Patents-in-Suit") that includes, without limitation, the following:  (a) all exclusionary

rights under the patents, including, but not limited to, (i) the exclusive right to exclude others from making, using, offering for sale, or selling products embodying the patented inventions throughout the United States or importing such products into the United States, and (ii) the exclusive right to exclude others from using and otherwise practicing methods embodying the patented inventions throughout the United States; and (b) the exclusive right to sue and seek damages for infringement of any of the exclusionary rights identified above.

## COUNT 1:  INFRINGEMENT OF U.S. PATENT NO. 6,076,108

18. Plaintiff repeats and re-alleges the allegations in Paragraphs 1–17 as though fully set forth in their entirety.

19. On information and belief, Travelocity has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.travelocity.com and maintained on servers located in and/or accessible from the United States under the control of Travelocity; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

20. Travelocity indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b).  Travelocity has induced and continues to induce users of

the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent.  Travelocity indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Travelocity contributes to the direct infringement of users of said web pages, software, and computer equipment.

21.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.amazon.com and/or aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) services, including, without limitation, cloud computing services presented and/or served over a network and providing multiple web engines while maintaining session state, including, without limitation, the services accessible via aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (iii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iv) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

22.     Amazon indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b).  Amazon has induced and continues to induce users of the

web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent. Amazon indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said web pages, software, and computer equipment.

23.     On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

24.     CDW indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b). CDW has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent. CDW indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web

pages, software, and computer equipment identified above, CDW contributes to the direct infringement of users of said web pages, software, and computer equipment.

25.     On information and belief, Orbitz has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.orbitz.com and/or www.cheaptickets.com and maintained on servers located in and/or accessible from the United States under the control of Orbitz; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

26.     Orbitz indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b).  Orbitz has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent.  Orbitz indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Orbitz contributes to the direct infringement of users of said web pages, software, and computer equipment.

27.     On information and belief, Priceline has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or

indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.priceline.com and maintained on servers located in and/or accessible from the United States under the control of Priceline; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

28.     Priceline indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b).  Priceline has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent.  Priceline indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Priceline contributes to the direct infringement of users of said web pages, software, and computer equipment.

29.     On information and belief, Systemax has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '108 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services

accessible via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com and maintained on servers located in and/or accessible from the United States under the control of Systemax; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

30.     Systemax indirectly infringes one or more claims of the '108 patent by active inducement under 35 U.S.C. § 271(b).  Systemax has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '108 patent.  Systemax indirectly infringes one or more claims of the '108 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Systemax contributes to the direct infringement of users of said web pages, software, and computer equipment.

31.     Plaintiff has been irreparably harmed by the Defendants' acts of infringement of the '108 Patent, and will continue to be harmed unless and until the Defendants' acts of infringement are enjoined and restrained by order of this Court. Plaintiff has no adequate remedy at law to redress the Defendants' continuing acts of infringement.  The hardships that would be imposed upon the Defendants by an injunction are less than those faced by Plaintiff should an injunction not issue.   Furthermore,  the  public  interest  would  be  served  by  issuance  of  an injunction.

32.     As a result of the Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. 6,085,220

33.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–32 as though fully set forth in their entirety.

34.     On information and belief, Travelocity has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.travelocity.com and maintained on servers located in and/or accessible from the United States under the control of Travelocity; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.travelocity.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

35.     Travelocity indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  Travelocity has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  Travelocity indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Travelocity contributes to the direct infringement of users of said web pages, software, and computer equipment.

36.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using,

selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.amazon.com and/or aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.amazon.com and/or aws.amazon.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

37.     Amazon indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  Amazon has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  Amazon indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said web pages, software, and computer equipment.

38.     On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.cdw.com and maintained on servers located in and/or accessible from the

United States under the control of CDW; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.cdw.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

39.     CDW indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  CDW has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  CDW indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, CDW contributes to the direct infringement of users of said web pages, software, and computer equipment.

40.     On information and belief, Orbitz has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.orbitz.com and/or www.cheaptickets.com and maintained on servers located in and/or accessible from the United States under the control of Orbitz; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.orbitz.com and/or www.cheaptickets.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

41.     Orbitz indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  Orbitz has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  Orbitz indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Orbitz contributes to the direct infringement of users of said web pages, software, and computer equipment.

42.     On information and belief, Priceline has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.priceline.com and maintained on servers located in and/or accessible from the United States under the control of Priceline; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.priceline.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

43.     Priceline indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  Priceline has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  Priceline indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web

pages, software, and computer equipment identified above, Priceline contributes to the direct infringement of users of said web pages, software, and computer equipment.

44.    On information and belief, Systemax has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '220 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com and maintained on servers located in and/or accessible from the United States under the control of Systemax; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

45.    Systemax indirectly infringes one or more claims of the '220 patent by active inducement under 35 U.S.C. § 271(b).  Systemax has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '220 patent.  Systemax indirectly infringes one or more claims of the '220 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Systemax contributes to the direct infringement of users of said web pages, software, and computer equipment.

46.    Plaintiff has been irreparably harmed by the Defendants' acts of infringement of the '220 Patent, and will continue to be harmed unless and until the Defendants' acts of

infringement are enjoined and restrained by order of this Court. Plaintiff has no adequate remedy at law to redress the Defendants' continuing acts of infringement. The hardships that would be imposed upon the Defendants by an injunction are less than those faced by Plaintiff should an injunction not issue. Furthermore, the public interest would be served by issuance of an injunction.

47.     As a result of the Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 3:  INFRINGEMENT OF U.S. PATENT NO. 6,360,249

48.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–47 as though fully set forth in their entirety.

49.     On information and belief, Travelocity has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.travelocity.com and maintained on servers located in and/or accessible from the United States under the control of Travelocity; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.travelocity.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

50.     Travelocity indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  Travelocity has induced and continues to induce users of

the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent. Travelocity indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c). By providing the web pages, software, and computer equipment identified above, Travelocity contributes to the direct infringement of users of said web pages, software, and computer equipment.

51.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.amazon.com and/or aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.amazon.com and/or aws.amazon.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

52.     Amazon indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  Amazon has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent.  Amazon indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web

pages, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said web pages, software, and computer equipment.

53.     On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.cdw.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

54.     CDW indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  CDW has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent.  CDW indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, CDW contributes to the direct infringement of users of said web pages, software, and computer equipment.

55.     On information and belief, Orbitz has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using,

selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.orbitz.com and/or www.cheaptickets.com and maintained on servers located in and/or accessible from the United States under the control of Orbitz; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.orbitz.com and/or www.cheaptickets.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

56.     Orbitz indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  Orbitz has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent.  Orbitz indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Orbitz contributes to the direct infringement of users of said web pages, software, and computer equipment.

57.     On information and belief, Priceline has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.priceline.com and maintained on servers located in and/or accessible from the

United States under the control of Priceline; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.priceline.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

58.     Priceline indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  Priceline has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent.  Priceline indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Priceline contributes to the direct infringement of users of said web pages, software, and computer equipment.

59.     On information and belief, Systemax has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '249 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) an interaction hub for managing a web system enabling the presentation of web pages, content, and/or services to users, including, without limitation, the web pages, content, and/or services served via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com and maintained on servers located in and/or accessible from the United States under the control of Systemax; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

60.     Systemax indirectly infringes one or more claims of the '249 patent by active inducement under 35 U.S.C. § 271(b).  Systemax has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '249 patent.  Systemax indirectly infringes one or more claims of the '249 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Systemax contributes to the direct infringement of users of said web pages, software, and computer equipment.

61.     Plaintiff has been irreparably harmed by the Defendants' acts of infringement of the '249 Patent, and will continue to be harmed unless and until the Defendants' acts of infringement are enjoined and restrained by order of this Court. Plaintiff has no adequate remedy at law to redress the Defendants' continuing acts of infringement.  The hardships that would be imposed upon the Defendants by an injunction are less than those faced by Plaintiff should an injunction not issue.   Furthermore, the public interest would be served by issuance of an injunction.

62.     As a result of the Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT 4:  INFRINGEMENT OF U.S. PATENT NO. 6,480,894

63.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1–62 as though fully set forth in their entirety.

64.     On information and belief, Travelocity has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web

pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.travelocity.com and maintained on servers located in and/or accessible from the United States under the control of Travelocity; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

65.     Travelocity indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  Travelocity has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  Travelocity indirectly infringes one or more claims of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Travelocity contributes to the direct infringement of users of said web pages, software, and computer equipment.

66.     On information and belief, Amazon has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.amazon.com and/or aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (ii) services, including,

without limitation, cloud computing services presented and/or served over a network and providing multiple web engines while maintaining session state, including, without limitation, the services accessible via aws.amazon.com and maintained on servers located in and/or accessible from the United States under the control of Amazon; (iii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iv) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

67.     Amazon indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  Amazon has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  Amazon indirectly infringes one or more claims of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Amazon contributes to the direct infringement of users of said web pages, software, and computer equipment.

68.     On information and belief, CDW has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.cdw.com and maintained on servers located in and/or accessible from the United States under the control of CDW; (ii) software, including, without limitation, software

that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

69.     CDW indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  CDW has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  CDW indirectly infringes one or more claims of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, CDW contributes to the direct infringement of users of said web pages, software, and computer equipment.

70.     On information and belief, Orbitz has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.orbitz.com and/or www.cheaptickets.com and maintained on servers located in and/or accessible from the United States under the control of Orbitz; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

71.     Orbitz indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  Orbitz has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  Orbitz indirectly infringes one or more claims of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Orbitz contributes to the direct infringement of users of said web pages, software, and computer equipment.

72.     On information and belief, Priceline has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.priceline.com and maintained on servers located in and/or accessible from the United States under the control of Priceline; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

73.     Priceline indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  Priceline has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  Priceline indirectly infringes one or more claims

of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Priceline contributes to the direct infringement of users of said web pages, software, and computer equipment.

74.     On information and belief, Systemax has directly and/or indirectly infringed (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '894 patent in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority:  (i) web pages, content, and/or services presented and/or served to users from multiple web engines while maintaining session state, including, without limitation, the web pages, content, and/or services accessible via www.circuitcity.com, www.compusa.com, and/or www.tigerdirect.com and maintained on servers located in and/or accessible from the United States under the control of Systemax; (ii) software, including, without limitation, software that allows web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing.

75.     Systemax indirectly infringes one or more claims of the '894 patent by active inducement under 35 U.S.C. § 271(b).  Systemax has induced and continues to induce users of the web pages, content, services, software, and computer equipment identified above to directly infringe one or more claims of the '894 patent.  Systemax indirectly infringes one or more claims of the '894 patent by contributory infringement under 35 U.S.C. § 271(c).  By providing the web pages, software, and computer equipment identified above, Systemax contributes to the direct infringement of users of said web pages, software, and computer equipment.

76.     Plaintiff has been irreparably harmed by the Defendants' acts of infringement of the '894 Patent, and will continue to be harmed unless and until the Defendants' acts of infringement are enjoined and restrained by order of this Court. Plaintiff has no adequate remedy at law to redress the Defendants' continuing acts of infringement.  The hardships that would be imposed upon the Defendants by an injunction are less than those faced by Plaintiff should an injunction not issue.   Furthermore, the public interest would be served by issuance of an injunction.

77.     As a result of the Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     A finding that Defendants have infringed, directly and indirectly, one or more claims of the '108, '220, '249, and '894  patents;

B.     That Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, using, importing, exporting, distributing, supplying, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the '108, '220, '249, and '894 patents, or otherwise infringing or contributing to or inducing infringement of any claim thereof;

C.     That Plaintiff be awarded its actual damages;

D.     That Plaintiff be awarded pre-judgment interest and post-judgment interest at the maximum rate allowed by law, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '108, '220, '249, and '894 patents by Defendants to the day a damages judgment is entered, and a further award of post-judgment

interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

E.      That the Court order an accounting for damages through verdict and post-verdict until Defendants are enjoined from further infringing activities;

F.      That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and requiring Defendants to pay the costs of this action (including all disbursements) and attorneys fees as provided by 35 U.S.C. § 285;

G.      That the Court award enhanced damages pursuant to 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until Defendants are enjoined from further infringing activities, and treble damages for willful infringement;

H.      That the Court award a compulsory future royalty until Defendants are enjoined from further infringing activities;

I.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

DATED: December 17, 2010

Respectfully submitted,

**McKOOL SMITH, P.C.**

_____/s/ *Mike McKool*_____
Mike McKool
Lead Attorney
Texas Bar No. 13732100
**McKOOL SMITH, P.C.**
mmckool@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile:  (214) 978-4044

Steven J. Pollinger
Texas State Bar No. 24011919
spollinger@mckoolsmith.com
Peter J. Ayers
Texas Bar No. 24009882
payers@mckoolsmith.com
Geoffrey L. Smith
Texas State Bar No. 24041939
gsmith@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Brandon M. Jordan
District of Columbia State Bar No. 985986
bjordan@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1700 K Street, Suite 740
Washington, DC 20006
Telephone: (202) 370-8300
Facsimile: (202) 370-8344

**ATTORNEYS FOR PLAINTIFF
GLOBAL SESSIONS LP**