IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GLOBAL SESSIONS LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:10cv671 LED-JDL |
| | § | |
| TRAVELOCITY.COM LP, et al., | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants'[1] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 93). The matter has been fully briefed. (Doc. Nos. 102, 104 & 112). Upon consideration of the parties' arguments, the Motion is **DENIED**.

## BACKGROUND

Amazon,com, Inc., Amazon Services, LLC, Amazon Web Services LLC (collectively, "Amazon"), CDW LLC ("CDW"), Systemax, Inc., Circuitcity.com Inc., CompUSA.com Inc., Profitcenter Software Inc. and Tigerdirect Inc. (collectively, "Systemax") (all moving defendants collectively known as "Movants") move to transfer this action to the Western District of Texas, Austin Division. MTN AT 1-2. Defendants Travelocity.com LP, Travelocity.com Inc., Sabre Holdings Corp., Sabre, Inc. (collectively, "Travelocity"), Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz, Inc., Orbitz, LLC, Trip Network, Inc. (d/b/a Cheaptickets) (collectively, "Orbitz"), and Priceline.com do not join in the Motion.

---

[1] The moving defendants are Amazon,com, Inc., Amazon Services, LLC, Amazon Web Services LLC, CDW LLC, Systemax, Inc., Circuitcity.com Inc., CompUSA.com Inc., Profitcenter Software Inc. and Tigerdirect Inc.

Plaintiff Global Sessions LP ("Global Sessions"), a Texas limited partnership with its principal place of business in Austin, Texas, alleges that Defendants infringe U.S. Patent Nos. 6,076,108; 6,085,220; 6,360,249; and 6,480,894. AMENDED COMPLAINT (Doc. No. 111). The patents-in-suit were assigned to Global Sessions in 2010. MTN AT 3, n.2. At the time the patent applications were filed, the patents were assigned to SMART Technologies, Inc. ("SMART Technologies"). *Id.* at 2-3. Upon issuance, the patents were assigned to i2 Technologies, Inc. ("i2"), which had previously acquired SMART Technologies. *Id.* In 2008, JDA Software Group, located in Dallas, acquired i2. RESPONSE AT 5.

Defendants are spread across the country. Amazon.com, Inc., Amazon Services, LLC and Amazon Web Services LLC are headquartered in Seattle, Washington. MTN AT 1, 3. Systemax, Inc., CircuitCity.com Inc., CompUSA.com Inc., Profit Center Software Inc., and Tigerdirect Inc. are headquartered in Port Washington, New York and Miami, Florida. *Id.* CDW LLC is headquartered in Chicago, Illinois. *Id.* at 3.

As for the non-moving defendants, the Travelocity and Sabre entities are organized under Delaware law with their principal places of business in Southlake, Texas. (Doc. Nos. 121 & 122). The Orbitz entities, including Trip Network, Inc., are also incorporated in Delaware, but their principal places of business are in Chicago, Illinois. (Doc. No. 120). Finally, Priceline.com, also incorporated in Delaware, has a principal place of business in Norwalk, Connecticut. (Doc. No. 119).

**LEGAL STANDARD**

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of

time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

The parties do not dispute that Global Sessions could have brought this suit in the Western District of Texas. *See Volkswagen I*, 371 F.3d at 203 ("In applying the provisions of § 1404(a), . .

. the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").

**I.      Private Interest Factors**

Turning to a discussion of the private interest factors outlined in *Volkswagen I*, the Court finds these factors do not favor transfer.

    **A.      The Relative Ease to Access to Sources of Proof**

Movants argue that much of the relevant third-party evidence in this case is located in Austin, the transferee forum. MTN AT 8. Movants further argue that the majority of relevant evidence is not located in the Eastern District of Texas. *Id.* at 8-9. Although Movants acknowledge that their own evidence is spread across the country, they discount the decentralized nature of these locations because the documents will be transported a long distance, regardless of the venue. *Id.* at 9 (citing *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009)).

Global Sessions responds that relevant documents are located in Dallas, near the Eastern District of Texas. RESPONSE AT 9. Global Sessions argues the patents were prosecuted in Dallas, and any prosecution documents likely remain at the Dallas office of Baker Botts, L.L.P. SURREPLY AT 3. In addition, Global Sessions asserts that a copy of i2's email database, which likely contains emails pertaining to the invention of the technology and the patents at issue, is located at JDA's Dallas office. *Id.* Finally, Global Sessions argues that due to the widespread nature of this case, transfer is not warranted. *See* RESPONSE AT 10.

Movants acknowledge that their own documents are physically located throughout the nation: Amazon's documents are in Seattle, Washington; CDW's evidence is in Chicago, Illinois, and Systemax' evidence is in Port Washington, New York and Miami, Florida. MTN AT 9. The Court

also notes that Movants do not take into account the physical location of documents possessed by the remaining Defendants. Travelocity's documents, for example, are located in Tulsa, Oklahoma and Southlake, Texas. EX. 38, ATTACHED TO RESPONSE. Further, the documents of the remaining Defendants are likely located at their principal places of business; Orbitz likely has documents in Chicago, Illinois and Priceline.com likely has documents in Norwalk, Connecticut. Thus, the bulk of documents in this case is probably not concentrated in the transferee forum. *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

Movants have failed to meet their burden to show transfer would render access to sources of proof clearly more convenient. Not only are Defendants located in multiple states, but Travelocity has documents in Tulsa, Oklahoma and Southlake, Texas, both of which are closer to Tyler than Austin. Even though Global Sessions' relevant documents are in Austin,[2] "the entirety of documents and physical evidence relevant to the case are not concentrated in or near the transferee forum." *See Novelpoint Learning LLC v. Leapfrog Enterprises, Inc.*, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 2010). Because the location of Defendants' documents are located across the country, any forum will be inconvenient. *See In re Google, Inc.*, 412 Fed. App. 295, 296 (Fed. Cir. 2011) (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 622, 665 (7th Cir. 2003) ("Where [defendants] are in different states there is no choice of forum that will avoid imposing inconvenience[.]"). Therefore, Movants have not shown that Austin is a clearly more convenient venue.

As for the location of third-party documents, some documents are located in Austin, Texas.

---

[2] The Court also notes that "there are no venue restrictions that mandate the Plaintiff bring suit in the district of his domicile or the corporation's principal place of business." *See Emanuael v. SPX Corp./OTC Tools Div.*, 2009 WL 3063322, at *8 (E.D. Tex. Sept. 21, 2009) (citing 28 U.S.C § 1400(b)). Thus, filing in the Eastern District of Texas, especially in light of the decentralized nature of this case, is not illogical or improper.

Inventors' documents are in or near Austin where seven of the eight inventors reside.[3] MTN AT 4, 8. However, prosecution documents are likely housed at Baker Botts' Dallas office, where the patents were prosecuted. SURREPLY AT 3. Finally, the i2 email database, maintained by JDA Software Group, is in Dallas, closer to the Eastern District of Texas than the Western District of Texas.[4] *Id.* at 3.

Due to the decentralized nature of this case, relevant documents are located throughout the United States. Thus, both the transferor and transferee venues will be inconvenient for certain parties. Accordingly, Austin is not a clearly more convenient venue and this factor weighs against transfer.

### B.     The Availability of Compulsory Process to Secure Attendance of Witnesses

This factor weighs heavily for transfer if the majority of non-party witnesses are located within the Western District of Texas. *See Volkswagen II*, 545 F.3d at 316. Movants have identified the following material, third-party witnesses: Inventors Howard R. Courts, Craig L. Dunn, Brian J. Huddleston, Erik L. Huddleston, Bruce C. Macartney-Filgate, Timothy J. McHyde and Jacob Poorte; Persons with knowledge of the prior art SMART DNA™ HUB,[5] Jeffrey DeCoux, Jason Parrish,

---

[3] As an officer of Global Sessions, one of the inventors residing in Austin, Neil Dholakia, is a party witness. REPLY AT 8, n.7.

[4] Movants argue that "relevant documents and other evidence, *if any*, in the possession . . . of former SMART Technologies employees who reside in Austin will also be located in or near that city." MTN AT 8 (emphasis added). However, the Court declines to consider any such documents because it is speculative whether such documents even exist. Further, Global Sessions contests the location of any existing documents, arguing that any SMART Technologies documents would have been moved to Dallas after i2 acquired SMART Technologies. RESPONSE AT 5, n.3.

[5] Movants contend that because the common specification of the patents-in-suit uses the SMART DNA™ HUB as an example of the type of technology described in the patents, witnesses with knowledge of the SMART DNA™ HUB, which was purportedly in public use more than a year before the priority date of the patents-in-suit, are relevant to the case. MTN AT 2-4.

Mark Benson, Jerry Gottlieb, William Hopkins and Richard Pusateri; and prosecuting attorneys, Kevin Meek and Anthony Peterman. MTN AT 4. With the exception of Mr. McHyde, who resides in Florida, all of the non-party witnesses Movants have identified live in or near Austin. *Id.* Thus, the Western District of Texas has absolute subpoena power over these witnesses.

On the other hand, Global Sessions identifies a number of former i2 and SMART Technologies employees, all of whom reside or work within 100 miles of the Tyler courthouse: Sanjiv Sidhu, John Harvey, Katy Murray and Andy Heller. RESPONSE AT 6; SURREPLY AT 6.[6] These witnesses have knowledge about the valuation, acquisition, and assignment of the patents-in-suit. SURREPLY AT 6. The Eastern District of Texas has absolute subpoena power over these witnesses.

Both the transferor and transferee venues have absolute subpoena power over some, but not all, non-party witnesses. However, because the Western District of Texas has absolute subpoena power over the majority of non-party witnesses, this factor slightly favors transfer. *Cf. In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (concluding the factor weighs in favor of transfer when the transferor forum could compel only one witness to attend trial, but not deposition, as compared to the transferee forum's absolute subpoena power over four non-party witnesses).

## C.     The Cost of Attendance for Willing Witnesses

Although there are a greater number of third-party witnesses near or in the proposed transferee forum, transfer would merely shift the inconvenience of travel from third-parties living in the Austin area to third-parties located within 100 miles of the Eastern District of Texas.

---

[6] Global Sessions also lists a number of attorneys based in Dallas who have power of attorney to prosecute the patents-in-suit. SURREPLY AT 5-7. Due to the speculative nature of their knowledge and testimony, the Court will not consider these attorneys in the convenience analysis.

"[S]hifting of inconvenience does not support transfer." *Sybase, Inc. v. Vertica Sys., Inc.*, 2008 WL 2387430, at *3 (E.D. Tex. June 9, 2008).  Further, the distance from Austin to Tyler is not so great (230 miles) that these third-party witnesses will be greatly inconvenienced.  *See Volkswagen I*, 371 F.3d at 204-205 ("When the distance between and existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

As for party witnesses, "the diffuse nature of this action imposes inconvenience on the parties, regardless of the forum." *Stragent LLC v. Audi AG*, 2011 WL 2912907, at *7 (E.D. Tex. July 18, 2011).  As stated above, parties are located all over the United States.  Further, transfer to Austin would inconvenience Travelocity witnesses Sembian Krishnamurthy and Shane Wood, both living in the Eastern District of Texas.  *See* Ex. 38 AT 8-9, ATTACHED TO RESPONSE; RESPONSE AT 3.  These witnesses have knowledge of Travelocity's accused website and revenues derived from the website.  *See* Ex. 38 AT 8-9, ATTACHED TO RESPONSE.  Thus, transfer would merely shift the inconvenience of some party witnesses to others.  Accordingly, this factor does not favor transfer.

    **D.**    **Other Practical Problems**

"Practical problems include those that are rationally based on judicial economy." *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, slip. op., 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010) (denying a request to sever defendants), *aff'd*, *In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011); *see also In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (quoting *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice. . . . [T]o permit a situation in which two cases involving

precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 was designed to prevent.")).

Transfer would not promote judicial economy in this case. As stated above, all Defendants have not joined in the Motion to Transfer. Further, none of the Movants have requested severance. However, granting the Motion to Transfer would effectively result in severance, requiring multiple courts to deal with duplicative suits involving similar issues and accused products:

> All defendants are accused of infringing the patents in suit, and adjudicating infringement will require construing the claims and evaluating the patents' innovation over the prior art. Thus, determining [D]efendants' liability will involve substantially overlapping questions of law and fact. . . . For multiple courts to simultaneously address these identical issues would be a waste of the courts' and parties' resources and could potentially lead to inconsistent results.

*Eolas*, 2010 WL 3835762, at *2. Even if this action were transferred, similar infringement allegations against Travelocity, Orbitz and Priceline.com would remain in Tyler. Therefore, this factor weighs heavily against transfer. *See Stragent*, 2011 WL 2912907, at *7-8

## II.  Public Interest Factors

### A.  The Administrative Difficulties Flowing from Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. However, this factor is also the most speculative. *Id.* Movants state that the median time to trial in the Western District of Texas is 20.6 months,[7] as opposed to the 21.7 months in the Eastern District of Texas. MTN AT 11. The difference in time to trial between the two districts is approximately a month, hardly enough time to indicate that transfer to Austin would be clearly more convenient. Thus, this factor does not favor

---

[7] Movants used statistics listed on the website for the United States Courts (http://www.uscourts.gov) for the twelve month period ending on September 30, 2010. MTN AT 11.

transfer.

### B. The Local Interest in Having Localized Interests Decided at Home

At the time the inventions covered by the patents-in-suit were conceived, the inventors were living in Austin, Texas. MTN AT 12. Many of these inventors still live in Austin. *Id.* at 4. Further, Global Sessions is headquartered in Austin. *Id.* at 3. Thus, the Western District of Texas has a local interest in the outcome of this case. *See Zimmer*, 509 F.3d at 1381 (taking into account the place of research and development in determining local interest).

However, Travelocity, a non-moving defendant, is located near the Eastern District of Texas. Because the work and reputation of Travelocity employees is called into question—including Sembian Krishnamurthy, Vice President of Technical Operations and a resident of the Eastern District of Texas—the Eastern District of Texas also has a local interest in this case. *See Hoffman La-Roche*, 587 F.3d at 1336 ("[L]ocal interest in this case remains strong because the cause of action calls into question the work of several individuals residing in or near that district and who presumably conduct business in that community.").

Because both the transferor and transferee districts have a local interest in the outcome of this case, this factor is neutral.

### C. The Familiarity of the Forum With the Law and Avoidance of Unnecessary Problems of Conflicts of Laws

There are no conflicts of law to avoid. However, the Eastern District of Texas is a participant in the Patent Pilot Program, whereas the Western District of Texas is not. EX. 9, ATTACHED TO SURREPLY; *see also* GENERAL ORDER NO. 11-11. Therefore this factor weighs slightly against transfer.

## CONCLUSION

For the foregoing reasons, Movants have failed to show that the Western District of Texas is clearly more convenient. The administrative difficulties flowing from court congestion and the local interest in the outcome of the case are both neutral. Although the Western District of Texas has absolute subpoena power over more non-party witnesses, and it would be more convenient for a greater number of non-party witnesses to attend trial in Austin, Texas, the nationwide character of this case tempers the weight given to these factors. In addition, judicial economy warrants trying this case in the Eastern District of Texas. Accordingly, the convenience factors do not favor transfer and Movants' Motion to Transfer is **DENIED**.

**So ORDERED and SIGNED this 26th day of August, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE