## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **GLOBAL SESSIONS LP, et al.,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CASE NO. 6:10cv671 LED-JDL** |
| **TRAVELOCITY.COM LP, et al.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Global Sessions LP and Global Sessions Holdings, SRL's (collectively, "Global Sessions") Motion to Compel Discovery From Defendants Travelocity, Amazon and Orbitz (Doc. No. 229) and Opposed Motion for Leave to Amend its Infringement Contentions with Respect to the Travelocity and Amazon Defendants (Doc. No. 234). Both matters have been fully briefed and the Court heard argument on May 10, 2012. Upon consideration of the parties' arguments, the Motion for Leave to Amend Infringement Contentions is **GRANTED-IN-PART** and **DENIED-IN-PART**. Further, the Motion to Compel Discovery is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

On December 17, 2010, Global Sessions filed suit against various Defendants—including Travelocity.com LP, Travelocity.com, Inc. (collectively, "Travelocity"), Sabre Holdings Corp., Sabre Inc. (collectively, "Sabre"), Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services LLC (collectively, "Amazon")—alleging infringement of U.S. Patent Nos. 6,076,108; 6,085,220; 6,360,249; and 6,480,894. *See generally* COMPLAINT. On June 27, 2011, Global Sessions served its original infringement contentions. MTN TO AMEND AT 1. Thereafter, Global Sessions filed the Motion to Compel Discovery from Defendants Travelocity, Amazon and Orbitz (Doc. No. 229).

Orbitz, Travelocity—jointly with Sabre—and Amazon all filed separate responses (Doc. Nos. 239, 240 & 241, respectively), and Global Sessions filed a reply (Doc. No. 264).

In addition, Global Sessions filed the instant Motion for Leave to Amend Infringement Contentions (Doc. No. 234) on March 27, 2012. Travelocity—again, in conjunction with Sabre—and Amazon oppose,[1] filing separate responses (Doc. Nos. 243 & 244, respectively). Global Sessions filed a consolidated reply (Doc. No. 268) and both Travelocity and Amazon filed surreplies (Doc. Nos. 285 & 286, respectively).

## LEGAL STANDARD

### I.    Infringement Contentions

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also Nike, Inc. v. Adidas Am. Inc.,* 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08cv144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009). Patent Rule 3-1 requires a party claiming infringement to serve infringement contentions on all parties. This Court has previously explained the role of infringement contentions:

> Infringement contentions are not intended to require a party to set forth a *prima facie case* of infringement and evidence in support thereof. While infringement contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions "are not meant to provide a forum for litigation on the substantive issues."

*Realtime Data,* 2009 WL 2590101, at *5 (quoting *Linex Tech., Inc. v. Belkin Intern., Inc.,* 628 F.

---

[1] Defendants CDW, Systemax, Orbitz and Priceline do not oppose Global Sessions' request for leave to amend infringement contentions. Mtn to Amend at 1; *see also* ORDER GRANTING GLOBAL SESSIONS' UNOPPOSED MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS, Mar. 26, 2012 (Doc. No. 230).

Supp. 2d 703, 713 (E.D. Tex. 2008) (internal quotations omitted)).  Nevertheless, a party may not

rely on vague, conclusory language or simply mimic the language of the claims.  *Davis-Lynch, Inc.*

*v. Weatherford Int'l*, No. 6:07cv559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009).

Leave to amend is required when a plaintiff seeks to amend or supplement infringement

contentions and may be granted upon a showing of good cause.  P.R. 3-6.  When determining

whether leave to amend is appropriate, the Court considers: (1) the explanation for failure to meet

the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in

allowing the thing that would be excluded; and (4) the availability of a continuance to cure such

prejudice.  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## II.    Discovery

Rule 26 of the Federal Rules of Civil Procedure provides that the scope of discovery includes

"any nonprivileged matter that is relevant to any party's claim or defense."  FED. R. CIV. P. 26(b)(1).

This Rule further provides, "[f]or good cause, the court may order discovery of any matter relevant

to the subject matter involved in the action."  *Id.*  Moreover, relevant information need not be

admissible at trial to be discoverable if the material "appears reasonably calculated to lead to the

discovery of admissible evidence."  *Id.*

The discovery rules are accorded a broad and liberal treatment to effect their purpose of

adequately informing litigants in civil trials.  *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc.*

*v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and

it is well established that the district court has wide discretion in establishing the confines of

discovery.  *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000).  Moreover, the

Court's Local Rules provide guidance as to relevant material.  *See* LOCAL RULE CV-26(d).

## DISCUSSION

I.     **Motion for Leave to Amend Infringement Contentions**

Global Sessions seeks leave to serve amended infringement contentions against Travelocity, Sabre and Amazon.  MTN TO AMEND AT 1.  As stated above, Global Sessions served its original infringement contentions on June 27, 2011.  *Id.*; AMAZON SLIDES AT 15.  Global Sessions then served its first amended infringement contentions in December 2011, followed shortly thereafter with its proposed second amended infringement contentions in February 2012, which are the subject of the instant motion.  TRAVELOCITY AMEND RESPONSE AT 4-5; *see also* MTN TO AMEND AT 1-2.

Global Sessions contends that good cause exists to amend its infringement contentions because Global Sessions made such amendments in response to Defendants' complaints regarding the sufficiency of the June 2011 infringement contentions.  MTN TO AMEND AT 3-5.  Global Sessions further argues that discovery was required from Defendants in order to provide additional details regarding the complex nature of the accused instrumentalities, which include source code, software, web servers, engines and platforms.  *See id.* at 6.  According to Global Sessions, such detail is included in its second amended infringement contentions.  *See id.*

Moreover, Global Sessions argues that it received new information in light of depositions that took place in January 2012.  Specifically, Global Sessions learned that (1) Travelocity uses a web application server known as Tomcat; (2) Amazon uses a EC2 cloud to run its accused websites; and (3) Travelocity hosts Travelocity.ca, Travelocity.co.uk, m.Travelocity.com, Travelocity.de, Travelocity.co.in, zuji.com.au, zuji.com.hk, zuji.com.sg, and lastminute.com in the United States. *Id.* at 6-7.  Due to this new information, Global Sessions states that it was diligent in amending its

contentions.  *See id.* at 10.  Global Sessions maintains that the addition of these websites and products merely adds greater specificity and detail to the infringement contentions originally served; the additions do not add new infringement theories to the case.  *Id.* at 7-8, 11.  Global Sessions further asserts that any prejudice Defendants suffer as a result of amending infringement contentions is self-inflicted due to Defendants' lack of discovery production.  *Id.* at 11-12.

### A.    Travelocity/Sabre[2]

Travelocity argues that Global Sessions has not been diligent in amending its infringement contentions.  Not only did Global Sessions wait nine months to amend its infringement contentions to include newly accused websites and web systems, but Global Sessions' original infringement contentions were insufficient, failing to chart to any accused websites other than Travelocity.com.  TRAVELOCITY AMEND RESPONSE AT 10-11.  Further, the information that Travelocity hosts a number of newly accused websites in the United States was publicly available prior to the deposition in January 2012.  *Id.* at 7-8.  Moreover, Global Sessions' Second Amended Infringement Contentions to Travelocity fails to specifically note how any of the newly accused instrumentalities fulfill each element of the asserted claims.  *Id.* at 7.

In addition, Travelocity contends that Global Sessions has failed to identify why the proposed amendments are important.  Travelocity further argues that any amendment will result in prejudice; not only does Global Sessions attempt to add new instrumentalities that operate differently from the accused Travelocity.com, but these amendments were sought about three months before the claim construction hearing, giving Travelocity little time to reevaluate defenses and investigate new prior

---

[2] Travelocity does not object to amendments that add specificity and detail to contentions concerning Travelocity.com.  TRAVELOCITY AMEND RESPONSE AT 12.  Nor does Travelocity object to the addition of Travelocity.ca and certain Travelocity Partner Network, a.k.a. "white label," websites.  *Id.*

art. *See id.* at 7, 13-14.

    i.    *Other Travelocity Sites, Lastminute.com Sites and Zuji Sites*[3]

The issue regarding the Other Travelocity Sites, Lastminute.com Sites and Zuji Sites ("Amended Travelocity Websites") is whether Global Sessions was diligent in investigating whether these websites were hosted by Travelocity within the United States. The Court finds that it was not.

As stated above, Global Sessions contends the testimony of a 30(b)(6) witness in January 2012 alerted Global Sessions to the fact that the Amended Travelocity Websites were hosted in the United States. AMEND REPLY AT 7. Travelocity maintains this information was publicly available as early as November 2010. TRAVELOCITY AMEND RESPONSE AT 7-8. Global Sessions provides no direct response to Travelocity's contention concerning the public availability of the information.

As an initial matter, the parties do not seem to dispute that the Amended Travelocity Websites were not noticed in Global Sessions' original infringement contentions. Not until eight months after the original infringement contentions were served did Global Sessions serve its proposed second amended contentions; it was not until nine months after service of the original PICs that Global Sessions sought relief from the Court to add the Amended Travelocity Websites. Granted, Global Sessions once previously amended its contentions in late 2011, but, as noted above, the information that the Amended Travelocity Websites were hosted in the United States was public before litigation commenced. *See, e.g.*, EX. B-1 AT '108 patent, pp.14-19 (Doc. No. 243-3), ATTACHED TO TRAVELOCITY AMEND RESPONSE (showing Amended Travelocity Websites are hosted in the United States, citing www.robtex.com, a publicly available website). To the extent that Global

---

[3] These websites include Travelocity.co.uk, m.Travelocity.com, Travelocity.de, Travelocity.co.in, zuji.com.au, zuji.com.hk, zuji.com.sg, and lastminute.com. AMEND REPLY AT 6, n.8.

Sessions' efforts to amend its infringement contentions was hindered due to lack of discovery, it has failed to diligently raise the issue with the Court; it was not until March 23, 2012 that Global Sessions moved to compel discovery from Travelocity, eight months after it provided its original infringement contentions. *See Davis-Lynch*, 2009 WL 81874, at *4 (finding the reason for delay weighed heavily against amendment, due, in part, to the plaintiff's failure to timely seek discovery relief from the court). Thus, the Court sees no reason why Global Sessions could not have included the Amended Travelocity Websites in its infringement contentions well prior to February 2012.

Moreover, Global Sessions fails to adequately chart the Amended Travelocity Websites. Patent Rule 3-1(c) dictates that infringement contentions shall include "[a] chart identifying specifically where each element of each asserted claim is found *within each Accused Instrumentality*." P.R. 3-1(c) (emphasis added). Instead of charting each of the Amended Travelocity Websites, Global Sessions maintains that:

> Travelocity owns and/or operates Travelocity.com and other websites that are reasonably similar to Travelocity.com—including but not limited to Travelocity.ca, Travelocity.co.uk, m.Travelocity.com, Travelocity.de, lastminute.com, travelocity.co.in, zuji.com.au, zuji.com.hk, zuji.com.sg and all other white-labeled or affiliate sites.

Ex. B-1 AT '108 patent, p.12, ATTACHED TO TRAVELOCITY AMEND RESPONSE. However, such a broad claim does nothing to notify Travelocity as to which functionality of each of the Amended Travelocity Websites correspond to which elements of the asserted claims. Rather than specifically explaining how each accused instrumentality meets the asserted claim elements in their amended P.R. 3-1 contentions, Global Sessions has simply concluded that the Amended Travelocity Websites are reasonably similar to Travelocity.com.

Based on the conclusion that the websites are "reasonably similar," Global Sessions then

asserts that these websites are properly identified and it is entitled to related discovery from Travelocity. Such a position, however, incorrectly applies the "reasonably similar" standard set forth in *Honeywell International, Inc. v. Acer America Corporation* where this Court granted the plaintiff discovery related to products that were not specifically charted in its infringement contentions. 655 F. Supp. 2d 650, 652-58 (E.D. Tex. 2009). Plaintiff Honeywell's PICs specifically accused three of Defendant's products, as well as all other modules incorporating reasonably similar technologies.[4] *Id.* at 652. Defendant contended Honeywell was limited to discovery related to the three products specifically accused in Honeywell's PICs, whereas Honeywell argued it was entitled to discovery related to all products accused in the PICs, including those reasonably similar to the three products specifically charted. *Id.* at 653. The Court concluded that Honeywell was entitled to discovery related to the "non-accused" products because (1) Honeywell illustrated that the "non-accused" products likely operated in a reasonably similar fashion to those specifically accused; (2) Honeywell had been diligent in seeking information regarding the same or similar products; and (3) the information Honeywell sought was not publicly available. *Id.* at 657-58.

In this case, however, all of the newly accused websites are publicly available. Unlike the plaintiff in *Honeywell*, Global Sessions could have easily captured screenshots of the Amended Travelocity Websites and appropriately charted them to comply with P.R. 3-1, just as it did in accusing Travelocity.com. To comply with P.R. 3-1, plaintiffs may use representative screenshots to illustrate specific theories of infringement with respect to websites accused in their entirety. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ("*Orion II*") (allowing

---

[4] Even though Defendants requested more information in Honeywell's PICs, Honeywell did not amend its PICs, nor did Defendants move to compel more definite PICs. *Honeywell*, 655 F. Supp. 2d at 652.

representative examples of a particular website to illustrate infringement theories instead of requiring plaintiff "to provide screen shots for every possible manifestation" of the accused website). However, the same does not apply when accusing publicly available websites of which defendants have no notice. *Orion IP, LLC v. Staples, Inc.*, No. 2:04cv297, slip op. at 2-4 (E.D. Tex. July 7, 2005) (striking amended infringement contentions because plaintiff failed to articulate specific infringement theories for two previously undisclosed websites at the outset of the case despite access to publicly available information) ("*Orion I*"). It is also important to note that four patents are at issue in this case, and further, that some of the Amended Travelocity websites are operated by separate Travelocity subsidiaries. *See, e.g.*, MILLER DECL., EX. A AT 1-2, ATTACHED TO TRAVELOCITY AMEND RESPONSE (noting Lastminute.com LLC owns lastminute.com, which was developed before Travelocity acquired it). Therefore, merely naming the accused websites gives Travelocity little to no notice of how each of the Amended Travelocity Websites infringe the patents-at-issue. *See SmartPhone Technologies, LLC v. HTC Corp.*, No. 6:10cv580, slip op. at 6 (E.D. Tex. Mar. 16, 2012) ("[T]he Court finds it troubling that SmartPhone's original infringement contentions used representative devices to demonstrate the infringement theories to be applied to all accused products," despite having access to relevant public information); *Eon Corp. IP Holdings, Inc. v. Sensus USA Inc.*, 6:09cv116, 2010 WL 346218, at *3 (E.D. Tex. Jan. 21, 2010) (finding infringement contentions insufficient because they do not identify all accused instrumentalities or how each meets the asserted claim elements). As such, Global Sessions has not exhibited sufficient diligence to show good cause to amend its infringement contentions with respect to the Amended Travelocity Websites.

9

ii.       *Sabre Marketing Sites and Private Sabre Websites*

At the hearing, Global Sessions represented that the Sabre Marketing Sites—www.sabretravelnetwork.com, www.sabreairlinesolutions.com and www.sabrehospitality.com—are not specifically accused in this case. HEARING TRANSCRIPT AT 27:13-24 (Doc. No. 289). Thus, the Court need not discuss amending Global Sessions' infringement contentions as to the Sabre Marketing Sites.

However, the Private Sabre Websites—my.sabre.com, eservices.sabre.com, cruises.sabre.com, sabrevacations.sabre.com and reservations.synxis.com—are at issue. *See* PLTFF'S TRAVELOCITY SLIDES AT 2. Unlike the Sabre Marketing Sites, which were clearly referenced in Global Sessions' original infringement contentions, the Private Sabre Websites were not initially accused. *See* EX. B-2 AT 3, n.1, ATTACHED TO TRAVELOCITY AMEND RESPONSE. Instead, Global Sessions accused the entire Sabre Network. *Id.* Such a broad accusation provides little notice to Travelocity/Sabre as to which specific Sabre websites are accused and how each satisfy the elements of the asserted claims. Although Global Sessions cannot access the Private Sabre Websites due to certain security measures, such obstacles do not excuse Global Sessions' lack of effort in specifically naming these websites in their original infringement contentions. Global Sessions had the ability to initially research the Private Sabre Websites insofar as accessing the opening webpage and specifically naming each in the original infringement contentions, as indicated by screenshots in their second amended contentions. *See, e.g.*, EX. 1 AT '108 PATENT, pp.24-27, ATTACHED TO MTN TO AMEND. Adding the Private Sabre Websites in February 2012 when such websites could have initially been included in the June 2011 contentions indicates a lack of diligence.

### iii.    Remaining Factors

Aside from noting that the amended contentions provide the additional detail requested by Defendants, Global Sessions does not fully explain why amending the contentions to include the Amended Travelocity Websites and Private Sabre Websites are important to the case. The importance of these websites is further muddied by the fact that Global Sessions could have charted these publicly available websites at the initial outset of the litigation; the relative importance of these websites should have generated a commensurate amount of diligence. While it may be true that the prejudice to Travelocity is lessened because Global Sessions' request to amend comes prior to the *Markman* hearing, Travelocity will nonetheless suffer prejudice because the claim construction hearing is one month away; Travelocity would have little time to conduct new prior art searches or reassess its invalidity theories. *See Performance Pricing, Inc. v. Google Inc.*, No. 2:07cv432, slip op. at 7 (E.D. Tex. Sept. 15, 2009) (noting prejudice is lessened when amendment occurs prior to claim construction hearing). In addition, the Court's docket does not permit a continuance of deadlines in order to consider websites that could have been added as early as June 2011.

### iv.    Conclusion as to Travelocity

Global Sessions cannot provide a reasonable explanation for its delay in seeking leave to amend its infringement contentions to include the Amended Travelocity Websites and Private Sabre Websites. To the extent that Global Sessions' Second Amended Infringement Contentions address the Amended Travelocity Websites and Private Sabre Websites, the Motion for Leave to Amend is denied. However, Global Sessions is granted leave to amend regarding amendments that add specificity and detail to contentions concerning travelocity.com, as well as the addition of Travelocity.ca and certain Travelocity Partner Network, a.k.a. "white label," websites.

11

### B.      Amazon[5]

According to Amazon, Global Sessions seeks to add eight new technologies in its second amended contentions: Elastic Compute Cloud and related ElastiCache technologies, BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data Warehouse, Systinet's Web Applications and Service Platform, Sleepy Software Oracle Berkely databases, and Amazon SOA Application, none of which were included in Global Sessions' original PICs.  Amazon Amend Response at 4.  Amazon further maintains that Global Sessions uses publicly available documents to support the infringement allegations concerning these technologies, information that could have been included in its original PICs.  *Id.*  In addition, Amazon attacks the sufficiency of Global Sessions' P.R. 3-1 contentions with regard to aws.amazon.com, webstore.amazon.com, www.abebooks.com, www.windowshop.com, www.imdb.com, www.zappos.com, www.woot.com, www.target.com, and www.endless.com.  *See id.* at 2.

### i.      *Websites Referenced in Original Contentions*

There seems to be no dispute that Global Sessions originally accused aws.amazon.com, webstore.amazon.com,   www.abebooks.com,   www.windowshop.com,   www.imdb.com, www.zappos.com,   www.woot.com,   www.target.com,   and   www.endless.com   (collectively, "Amended Amazon Websites").  However, Global Sessions failed to chart these websites—except for www.woot.com in relation to Claim 2 of the '249 patent—instead relying on www.amazon.com to act as a representative instrumentality.  *See* Ex. A at '249 patent, p.25 (Doc. No. 241-3), attached to Amazon Amend Response; Amazon Amend Surreply at 2, n.3.  As stated above,

---

[5] Amazon does not object to amendments to contentions that include specific citations to discovery produced by Amazon in this litigation.  Amazon Amend Response at 5.

to comply with P.R. 3-1, infringement contentions should include specific theories of infringement as to each accused instrumentality at the outset of the case, especially when such information is publicly available.  *Orion I*, slip op. at 3 (citing *American Video*, 359 F. Supp. 2d at 560).  Simply charting www.amazon.com as a representative example to illustrate specific theories of infringement for multiple websites is insufficient, especially since the Amended Amazon Websites are publicly accessible.  *See Eon*, 2010 WL 346218, at *3.

Global Sessions' arguments, when combined with those set forth in the Motion to Compel, seem to imply that the Amended Amazon Websites are reasonably similar to www.amazon.com. *See* AMEND REPLY AT 5; COMPEL REPLY AT 8.  Thus, Global Sessions contends it is entitled to discovery related to the Amended Amazon Websites.  Granted, Amazon had notice of the Amended Amazon Websites since Global Sessions served its initial infringement contentions.  However, even if the Amazon Amended Websites are reasonably similar to www.amazon.com, Global Sessions is not excused from the duty to chart these websites under these circumstances.

The Amended Amazon Websites are publicly accessible.  Unlike the plaintiff in *Honeywell*, Global Sessions had access to information that would have allowed it to chart each Amended Amazon Website to illustrate how each website satisfied Global Sessions' infringement theory.  The Court finds it troublesome that Global Sessions could chart www.amazon.com, yet could not chart the other public websites; the failure to chart the Amended Amazon Websites, even if originally disclosed, left Amazon guessing as to which portions of these websites correspond to which element of the asserted claims.  In addition, Global Sessions fails to identify any new information it has received through discovery that justifies amending its contentions, nor has it persuaded the Court that additional discovery is required in order to more precisely chart the Amended Amazon Websites.

Thus, even though Global Sessions asserts that the Amended Amazon Websites are reasonably similar to www.amazon.com, the Court finds that Global Sessions' infringement contentions, at least with respect to the Amended Amazon Websites, with the exception of www.woot.com,[6] are insufficient.

As stated above, Global Sessions had access to information that would have enabled it to amend its infringement contentions earlier in the litigation and sufficiently notify Amazon of Global Sessions' infringement theories regarding the Amended Amazon Websites.  Yet, Global Sessions did not move to amend until March 2012.  Because Global Sessions cannot provide a reasonable explanation for its delay in seeking leave to amend, the Court finds that Global Sessions has failed to exhibit sufficient diligence to justify granting the requested relief.

As to importance, Global Sessions does not identify why the amendments to its infringement contentions are important.  Further, if Global Sessions were granted leave to amend, Amazon would have about a month prior to the *Markman* hearing to reassess its prior art and invalidity theories.  Thus, Amazon would suffer prejudice even though Global Sessions moved to amend prior to the claim construction hearing.  *See Performance Pricing*, slip op. at 7.  Moreover, the Court's docket does not permit a continuance of deadlines in order to consider websites and products that could have been included earlier in the litigation using information available to the public.  Therefore, the Court strikes the portion of Global Sessions' infringement contentions that pertains to aws.amazon.com,   webstore.amazon.com,   www.abebooks.com,   www.windowshop.com,

---

[6] Although Amazon argues it cannot be liable for the alleged infringing actions of third-parties, infringement contentions merely serve a notice function.  *See Computer Acceleration,* 503 F. Supp. 2d at 822. Patent Rule 3-1 infringement contentions are not the appropriate forum to discuss substantive issues like business relationships and resulting liability.  *See Realtime Data,* 2009 WL 2590101, at *5.

www.imdb.com, www.zappos.com, www.target.com, and www.endless.com.

ii.      *Elastic Compute Cloud and Related ElastiCache Technologies*

With regard to cloud computing, Global Sessions initially alleged infringement of "services, including, without limitation, cloud computing services presented and/or served over a network . . ."  ORIGINAL PICS, EX. 1 AT 3, n.2, ATTACHED TO AMAZON AMEND RESPONSE.  Upon Defendants' request for more detailed contentions, Global Sessions provided its First Amended Contentions, amending its infringement theories to include the use of Amazon's Elastic Compute Cloud ("EC2") and ElastiCache.  *See, e.g.*, FIRST AMENDED PICS, EX. 2 AT '108 PATENT, pp.10-18, 41, ATTACHED TO AMAZON AMEND RESPONSE.  Amazon does not object to Global Sessions' amendments to the extent that Global Sessions accuses Amazon's use of EC2, and presumably ElastiCache, to power www.amazon.com.  AMAZON AMEND SURREPLY AT 3.  Therefore, to the extent that Global Sessions' Second Amended Infringement Contentions to Amazon accuse EC2 and ElastiCache to power www.amazon.com, Global Sessions' Motion for Leave to Amend is granted.

iii.     *BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data Warehouse, Systinet's Web Applications and Service Platform, Sleepy Software Oracle Berkeley databases*

In addition to accusing Amazon's use of EC2 and ElastiCache to power www.amazon.com, Global Sessions' amendments accuse Amazon's use of third party software, namely, BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data Warehouse, Systinet's Web Applications and Service Platform, and Sleepy Software Oracle Berkeley databases.  *See* AMEND REPLY AT 4.  Global Sessions maintains that it originally accused "software, including, without limitation, software that allows and/or enables web pages, content, and/or services to be presented and/or served to users from multiple web engines while maintaining session state."  ORIGINAL PICS

15

AT 3, n.3.  Thus, Global Sessions' amendments do not introduce new infringement theories, but rather provide greater detail.  AMEND REPLY AT 4.  Amazon argues that all the cites Global Sessions uses to support infringement allegations against third party software was publicly available,[7] and further, Global Sessions fails to explain why it was unable to chart these products in its original contentions.  AMAZON AMEND RESPONSE AT 9-10.

Essentially, the parties dispute whether the addition of these third party software products introduce new infringement theories/products or provide greater detail to theories set forth in Global Sessions' PICs.  The Court finds that these amendments provide additional details—details Amazon requested—that "promote accuracy in fully representing to a jury the entirety of Plaintiff's good faith infringement claims against the accused" instrumentalities.  *See Performance Pricing*, slip op. at 6. Even though Global Sessions largely supplemented its contentions with information taken from publicly available sources, it has exhibited sufficient diligence commensurate with the information provided, especially considering these amendments were made in accordance with Amazon's request to provide more specificity.  This is not a situation where the plaintiff did not diligently pursue information in identifying an accused instrumentality or theory; rather, in this particular instance, Global Sessions expands on previously introduced infringement theories to notify Amazon of how these third party software products are used in conjunction with www.amazon.com.  Therefore, to the extent that BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data

---

[7] According to Amazon, Global Sessions cites to public references dated June 1999 and May 2010 to support allegations against BEA Weblogic.  SHAMILOV DECL. AT ¶ 29 (Doc. No. 244-1), ATTACHED TO AMAZON AMEND RESPONSE.  Further, Global Sessions cites to a document available since May 2011 to support its infringement theory regarding Netezza Data Warehouse, Sistinet Web Applications & Service Platform, and Sleepy Software Oracle Berkeley database.  *Id.* at ¶ 30-32.  Finally, Amazon contends Global Sessions relies on public information regarding RedHat Linux and RedHat Stronghold Web Server dated October 2001, March 2002, February 2003, January 2006 and January 2008.  *Id.* at ¶ 28.

Warehouse, Systinet's Web Applications and Service Platform, and Sleepy Software Oracle Berkeley databases are used to support www.amazon.com, the Court grants Global Sessions' request for leave to amend.

      *iv.*     *Amazon SOA application*

Amazon contends that Global Sessions attempts to use its amended infringement contentions to add the Amazon SOA Application, but Global Sessions maintains such technology has been referenced since Global Sessions served its original PICs. AMAZON AMEND RESPONSE AT 4; AMEND REPLY AT 4 (citing Ex. 6 at 2 (illustrating "Service-oriented architecture of Amazon's platform")). Further, Amazon maintains that Global Sessions relies on documents publicly available since 2004 and 2006 to support its infringement theories regarding the Amazon SOA Application. SHAMILOV DECL. AT ¶ 27 (Doc. No. 244-1); AMAZON AMEND RESPONSE AT 10. Global Sessions argues that the Amazon architecture has been accused since June 2011. AMEND REPLY AT 4.

It is unclear, based on the parties' submissions, whether the Amazon SOA Application is a third-party software product or is directed to the architecture of Amazon's website. Because the service-oriented architecture of Amazon's platform was implicated in Global Sessions' original PICs, to the extent that the Amazon SOA Application is accused to support www.amazon.com, Global Sessions' Motion for Leave to Amend is granted. The additional information provides greater detail with regard to Global Sessions' infringement theories concerning www.amazon.com.

      *v.*     *Conclusion as to Amazon*

In sum, to the extent that Global Sessions' Second Amended Infringement Contentions address the Amended Amazon Websites, the Motion for Leave to Amend is denied. However, Global Sessions is granted leave to amend in order to add specificity and detail to contentions

concerning EC2, ElastiCache, BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data Warehouse, Systinet's Web Applications and Service Platform, Sleepy Software Oracle Berkeley databases and the Amazon SOA Application as it pertains to www.amazon.com.

## II.   Motion to Compel

In addition to its Motion for Leave to Amend, Global Sessions filed a Motion to Compel Discovery (Doc. No. 229), requesting that (1) Travelocity produce discovery related to the Amended Travelocity Websites; (2) Amazon produce discovery related to the Amended Amazon Websites and services; and (3) Orbitz produce its noninfringement contentions and information regarding document collection and production efforts. MTN TO COMPEL AT 1-2.

### A.   Orbitz

At the hearing, the Court granted Global Sessions leave to depose a 30(b)(6) witness—for no longer than three hours —on the matter of Orbitz' document collection and production process. HEARING TRANSCRIPT AT 21:14-16; 23:16-19.  The Court further ordered Orbitz to answer Interrogatory number six[8] to the best of its ability, in as much detail as possible, based on the information its possesses and emphasized Orbitz' continuing obligation to supplement the answer as the litigation progresses.

### B.   Travelocity/Sabre

In light of the Court striking Plaintiff's amended PICs with regard to the Amended Travelocity Websites and the Private Sabre Websites, the Court denies Global Sessions' request for discovery related to these websites.  However, because Travelocity.ca and certain Travelocity Partner

---

[8] Interrogatory number six is Global Sessions' interrogatory asking for noninfringement positions. HEARING TRANSCRIPT AT 7:4-8.

Network websites have been properly noticed, Global Sessions is entitled to such related discovery.

### C.     Amazon

The Court finds that Global Sessions is not authorized to receive discovery with regard to aws.amazon.com, webstore.amazon.com, www.abebooks.com, www.windowshop.com, www.imdb.com, www.zappos.com, www.target.com and www.endless.com because the Court has stricken Plaintiff's amended infringement contentions with respect to these websites. However, Global Sessions may receive discovery concerning woot.com, as well as EC2, ElastiCache, BEA Weblogic, Red Hat Linux, Red Hat Stronghold Web Server, Netezza Data Warehouse, Systinet's Web Applications and Service Platform, Sleepy Software Oracle Berkeley databases and the Amazon SOA Application to the extent they relate to www.amazon.com.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Global Sessions' Motion for Leave to Amend Infringement Contentions with Respect to Travelocity and Amazon Defendants (Doc. No. 234) and Motion to Compel Discovery from Defendants Travelocity, Amazon and Orbitz (Doc. No. 229).

**So ORDERED and SIGNED this 25th day of May, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE